# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 28, 2020

```
* * * * * * * * * * * * *
LISA FAUP parent of A.F.,          *
a minor,                           *    No. 12-87V
                                   *    Special Master Sanders
              Petitioner,          *
                                   *    UNPUBLISHED
v.                                 *
                                   *
SECRETARY OF HEALTH                *    Attorneys' Fees and Costs
AND HUMAN SERVICES,                *
                                   *
              Respondent.          *
* * * * * * * * * * * * *
```

Sylvia Chin-Caplan, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioner; Catherine E. Stolar, United States Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 9, 2012, Lisa Faup ("Petitioner") filed a petition on behalf of her minor child, A.F., for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §300aa-10 et seq. (2012). Petitioner alleged that A.F. suffered from a "rheumatologic injury" as a result of the Diphtheria-Tetanus-acellular Pertussis and inactivated polio vaccines she received on March 13, 2009. On October 5, 2012, Petitioner amended the petition to allege that A.F.'s vaccines caused her to develop systemic juvenile idiopathic arthritis. An entitlement hearing was held on March 13-14, 2018. On June 17, 2019, the undersigned issued her decision dismissing

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

the petition. ECF No. 120. Petitioner filed a motion for review, which was ultimately denied by the Court of Federal Claims on December 27, 2019.

On June 26, 2020, Petitioner filed a motion for attorneys' fees and costs. ECF No. 133 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $155,949.38, representing $127,242.15 in attorneys' fees and $28,707.23 in attorneys' costs.[3] Fees App. at 1. Pursuant to General Order No. 9, Petitioner has indicated that she has not incurred any out of pocket costs. ECF No. 138. Respondent responded to the motion on June 29, 2020, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 136. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.     **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" Saxton, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and

---

[3] Petitioner was previously awarded interim attorneys' fees and costs in the amount of $81,053.50 on April 21, 2017.

supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petition was eventually dismissed, the undersigned does not doubt that the claim was brought in a good faith belief that the vaccination caused A.F.'s injury, and the undersigned find that the claim had a reasonable basis to proceed for as long as it did, as it necessitated an entitlement hearing with post-hearing briefing. Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

### a. Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[4]

Petitioner requests the following hourly rates for the work of her counsel: for Ms. Sylvia Chin-Caplan, $414.00 per hour for work performed in 2017, $429.00 per hour for work performed in 2018, $445.00 per hour for work performed in 2019, and $461.00 per hour for work performed in 2020; and for Mr. Timothy Mason, $238.00 per hour for work performed in 2017 and 2018, $247.00 per hour for work performed in 2019, and $253.00 per hour for work performed in 2020. The undersigned finds these rates to be reasonable for the work of counsel and shall award them herein.

### b. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

The undersigned has reviewed the submitted billing entries and finds that the hours billed are reasonable. Although the total number of hours billed in this matter is large, the matter necessitated an entitlement hearing and post-hearing briefing, and Petitioner appealed the undersigned's ruling to the Court of Federal Claims. Respondent also has not identified any particular entries as objectionable. Petitioner is therefore awarded the full amount of attorneys' fees sought.

### c. Attorney Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $28,707.23 in attorneys' costs, comprised of postage, printing, work by Petitioner's medical experts, Dr. Robert Sundel and Dr. Michael Gurish, and travel costs for counsel and the

---

[4] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

experts to attend the entitlement hearing. Fees App. at 31-33. Petitioner has provided adequate documentation of all these expenses and they appear mostly reasonable for the work performed in this case. However, a reduction must be made due to excessive hotel costs. The records show that counsel and the two medical experts all stayed at the Capital Hilton with a room charge of $519.00 per night excluding the room tax.

Although hotel lodging, like airfare, is subject to wide fluctuations in price based on how early the lodging is booked and the time of year, hotel costs at these rates have previously been found unreasonable in the Vaccine Program absent supporting substantiation. *See Pickens v. Sec'y of Health & Human Servs.*, No. 17-187V, 2019 WL 5260367, at *5 (Fed. Cl. Spec. Mstr. Sept. 20, 2019). In the undersigned's experience, it is likely that cheaper lodging would likely be available given the wide array of hotel options near the Office of Special Masters. *See Montgomery v. Sec'y of Health & Human Servs.,* No. 15-1037V, 2020 WL 2510442 (Fed. Cl. Spec. Mstr. Apr. 29, 2020). As no supporting evidence of reasonableness was provided, the undersigned will reduce the costs of the nighty hotel rates and tax by half (reflective of a rate the Program would routinely reimburse), resulting in a reduction of $3,276.95.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Fees Requested | $127,242.15 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$127,242.15** |
| | |
| Attorneys' Costs Requested | $28,707.23 |
| (Reduction of Costs) | - ($3,276.95) |
| **Total Attorneys' Costs Awarded** | **$25,430.28** |
| | |
| **Total Attorneys' Fees and Costs** | **$152,672.43** |

**Accordingly, the undersigned awards a lump sum in the amount of $152,672.43, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Petitioner's counsel, Ms. Sylvia Chin-Caplan.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED**.

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
